THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GREGORIO SALABARRÍA SÁNCHEZ, Defendant and Appellant.

No. 8187. Argued June 19, 1940.—Decided June 21, 1940.

*Adolfo García Veve* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Gregorio Salabarría Sánchez was convicted of a violation of Act No. 25 of July 17, 1935 (Session Laws, (2), p. 152), popularly known as the *"Bolita* Act," in that, according to the complaint, "on September 8, 1939 . . . . the said defendant . . . then and there, did unlawfully, wilfully, maliciously, and feloniously violate the provisions of sections 3 and 4 of the above-mentioned act, such violation consisting in that in a room of his dwelling house he established an office which he devoted to the unlawful games of *'bolita'* and *'bolipool,'* acting as the agent and manager of the bank of said games designated as 'La Esperanza,' receiving there the money derived from the *'bolita'* and *'bolipool'* tickets which other persons sold to the public, and between four and five o'clock on the afternoon of each day, using three leathern bottles (*candungos*) which existed there, and ten disks for each one of the latter, they drew a disk from each leathern bottle . . . By virtue of a search warrant there were seized, in the course of the search made in said room, the following appliances and implements: a black valise containing 7 leathern bottles, a small wooden box con-

taining 30 numbered disks, a box with small envelopes; four packages of blank tickets bearing the printed name of 'La Esperanza,' 108 notebooks pertaining to the Esperanza *'bolipool'*, three dating stamps, one of them bearing the name of 'La Esperanza,' a redkin pad, several lists of *bolita* numbers and various other appliances . . .''

The only evidence introduced in this case consisted in the testimony of the Policeman Luis Ortiz and in the implements for the game which are enumerated in the complaint. The defendant urges that the evidence is insufficient to support the judgment appealed from. Let us analyze the evidence presented.

The witness Luis Ortiz testified that on September 8, 1939, pursuant to a search warrant, he entered the room occupied by the defendant in a tenement house in the town of Juncos, and that underneath the bed he saw a valise closed by a chain and padlock and upon opening the same he found the articles above mentioned. From his testimony it is inferred that he entered the room in the absence of the defendant, who arrived later when the police had already examined the contents of the valise, the defendant then receiving a copy of the search warrant together with a list of the seized articles. The remaining portion of the testimony tended to illustrate the manner in which the game of *bolita* is operated.

Is this evidence sufficient to support the judgment rendered in this case?

In our judgment it is not. The mere fact that there were seized in the residence of the defendant articles which are generally used for operating the game of *'bolita'* is insufficient; in the absence of other evidence tending to show that said articles were actually being used or that the room or residence was devoted to operating therein the said game.

Section 3 of the act which is alleged to have been violated in its pertinent part reads as follows:

"Whenever the Insular Police of Puerto Rico, on a search warrant issued by the proper judge, surprises one or several persons in

any, room, house, building, structure, or place of any kind which *is devoted to operating the games known as 'bolita', 'bolipool'* .... it shall, after confiscating all the implements, money, appliances, materials or utensils submit the case to the corresponding municipal court and to the district attorney, in order that such person or persons may be prosecuted in accordance with the provisions of this Act. If judgment is rendered against such person or persons, and *the said room, house, building, structure, or place of any kind continues to be devoted to operating the above-mentioned games,* such fact shall be reported to the district attorney, who shall institute proceedings before the proper district court to have said room, house, building, structure, or place of any kind, closed ... *all of which shall not prejudice such penal sanction as is prescribed for operating the games prohibited by this Act."* (Italics ours.)

The clear language of the act leaves no doubt as to the fact that the mere seizure of the implements in a house, room, etc., is not sufficient to support a conviction of a violation of said act. For the possession of said articles in a room, house, etc., to constitute a crime it is indispensable that there should be other evidence tending to show that said room, building, structure, etc., is devoted to the operation of the games to which said act refers. The statute, of course, does not require that said games should be operated at the time of the execution of said search warrant it being sufficient to show that the said room, place, etc., is devoted to such operations. In the case at bar no evidence to that effect was introduced.

The cases of *People* v. *Morales,* 51 P.R.R. 198, and *People* v. *Vidal,* 55 P.R.R. 226, relied on by the prosecuting attorney, are inapplicable to the present case. In the first of these cases there was evidence tending to show that the defendant, on the arrival of the police, denied that there were such articles in her house and that when the same were found under her bed, she stated that "she was being deprived of what had provided her with the means of repairing her house and of buying furniture," and these elements of proof were regarded by the court as sufficient to produce in the mind

of the judge the conviction that the appliances found were being used by the defendant in the operation of a policy game ("bolita"). In the second case cited the following was said:

"In the instant case, as we have seen, the implements of the game were found, at least in part, over a table next to which the defendants were situated, one of them taking notes and the others checking the tickets. As in the case of *People* v. *Morales, supra,* one of the accused uttered the exclamation before mentioned, which in the circumstances is equivalent to a declaration of guilt."

In the case at bar the evidence was confined exclusively to the seizure of the implements under a bed in the room in which the defendant lived.

Section 4 of the act, which is also alleged to have been violated, has no application to the facts of this case. That section has reference to the carrying or conveying by any person of any slip of paper, ticket, etc., and also to a defendant who is the "owner, proxy, agent, person in charge, director or manager, of the game prohibited by this act," of which there is no evidence in this case, although in the complaint it is alleged that the defendant acted as agent and manager, etc.

As the violation on which the complaint is based has not been proved, the judgment appealed from must be reversed and the defendant discharged.